IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MANUEL DOMINGUEZ,

    Petitioner,

    v.

SECRETARY OF THE NAVY,

    Respondent

Case No. 21-3278-JWL

## MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2241. On December 15, 2021, respondent filed a motion to dismiss. Petitioner did not respond. On January 10, 2022, the court entered an order directing petitioner to show cause on or before January 24, 2022, why the motion to dismiss should not be granted as unopposed. Petitioner did not respond.

### Factual Background

Petitioner filed this petition on December 6, 2021, while incarcerated in the United States Disciplinary Barracks, Fort Leavenworth, Kansas (USDB). He sought habeas corpus relief, claiming that he was entitled to release because the Navy-Marine Court of Criminal Appeals had set aside the findings and sentence in his military conviction. *United States v. Dominguez*, 81 M.J. 800, 823 (N.M. Ct. Crim. App. Oct. 22, 2021).

Petitioner was released on December 14, 2021.

### Discussion

Respondent moves for the dismissal of this matter on the ground of mootness.

Section 2241(c) generally provides that "[t]he writ of habeas corpus shall not extend to a prisoner unless" the petitioner is "in custody." 28 U.S.C. § 2241(c). However, a prisoner's release from custody does not necessarily render the prisoner's habeas corpus petition moot. *Carafas v.*

*LaVallee*, 391 U.S. 234, 237-38 (1968). Rather, a petitioner may proceed in a pending habeas action following release if he identifies "collateral consequences" that present "disabilities or burdens [which] may flow from petitioner's conviction." *Id*. (quotations omitted). The core inquiry is whether the petitioner can show collateral consequences that meet the injury-in-fact requirement of Article III. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

Here, petitioner challenged only his continuing confinement following the decision setting aside his conviction, and he has identified no collateral consequences remaining after his release.

The court has considered the record and concludes that there are no collateral consequences. The court will dismiss the petition.

THE COURT THEREFORE ORDERS that respondent's unopposed motion to dismiss this matter as moot (Doc. 4) is granted.

IT IS SO ORDERED.

Dated: January 27, 2022                    S/ John W. Lungstrum
                                           JOHN W. LUNGSTRUM
                                           UNITED STATES DISTRICT JUDGE

2